```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                                   )
AMERICAN STATES INSURANCE COMPANY, )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 10-357-S
                                   )
JOANN LAFLAM,                      )
                                   )
          Defendant.               )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff American States Insurance Company ("ASIC") brought this action seeking a declaratory judgment that Defendant Joann LaFlam ("LaFlam") is not entitled to uninsured/underinsured motorist ("UM") benefits under a policy issued to LaFlam's employer (the "Policy") because the contractual limitations period has expired. LaFlam filed a counterclaim against ASIC, alleging breach of contract, bad faith, and declaratory judgment; she also seeks a declaratory judgment that ASIC is contractually obligated to pay her claim. Before the Court are the parties' cross-motions for judgment on the pleadings, LaFlam's motion for certification of a question to the Rhode Island Supreme Court, and ASIC's motion to sever

and stay discovery on LaFlam's bad faith counterclaim until her breach of contract claim is resolved. The question to be resolved is whether the Policy's three-year contractual limitations provision is enforceable. Because the Court concludes that certification is unnecessary and that the limitations provision is enforceable, judgment shall be entered in ASIC's favor. The Court does not need to reach ASIC's motion to sever and stay discovery.

I. Background

On April 25, 2007, LaFlam was involved in an automobile accident while driving a vehicle insured under a policy issued by ASIC to her employer. LaFlam sustained personal injuries as a result of this accident. On April 3, 2008, LaFlam sent ASIC a letter of representation and notice of potential claim in connection with this incident.[1] Shortly thereafter, on April 23, ASIC contacted LaFlam to acknowledge the letter of representation and to request additional information.

Between September 2008 and May 2009, ASIC contacted LaFlam on four separate occasions to request additional information and

---

[1] LaFlam characterizes this letter as a "claim," while ASIC contends that because it stated that "a claim may be made," it was not itself a claim. This dispute is immaterial to the outcome of this matter.

updates on her medical status.[2] On January 15, 2010, LaFlam requested authorization from ASIC to settle her underlying tort claims against the two tortfeasors responsible for the automobile accident. ASIC gave LaFlam such authorization on February 18, 2010.

On May 19, 2010, LaFlam sent a letter to ASIC demanding $1 million to settle her UM claim under the Policy.[3] ASIC filed the instant action roughly three months later. LaFlam counterclaimed for breach of contract and bad faith; in response, ASIC moved to sever and stay discovery on LaFlam's bad faith counterclaim until her breach of contract counterclaim was resolved. ASIC and LaFlam have filed cross-motions for judgment on the pleadings under Rule 12(c), and LaFlam has moved to certify the following two questions to the Rhode Island Supreme Court: "(1) Is a contractual three year statute of limitations [sic] provided within the uninsured motorist portion of an

---

[2] ASIC contacted LaFlam on September 29, 2008, November 6, 2008, January 14, 2009, and May 28, 2009. (See Def.'s Countercl. for Declaratory J. ¶¶ 38 – 41.)

[3] LaFlam alleges that "during this period" ASIC's authorized representative told her that she should not request arbitration because the file was being reviewed and an offer would be made. (See Def.'s Countercl. for Declaratory J. ¶ 46.) ASIC denies this allegation, and LaFlam did not pursue this issue in her motion papers or during argument. The Court therefore does not consider whether ASIC should be estopped from enforcing the limitations provision.

3

insurance policy void as against public policy?; and (2) Does the statute of limitations [sic] provided within an uninsured motorist [insurance policy] begin to run prior to the time it is clear that the insured will not recover all sums from the tortfeasor(s)[?]"

Certification is not appropriate in this case. "When state law is sufficiently clear . . . to allow a federal court to predict its course, certification is both inappropriate and an unwarranted burden on the state court." Gilmore v. Citigroup, Inc. (In re Citigroup), 535 F.3d 45, 62 (1st Cir. 2008) (quoting Manchester Sch. Dist. v. Crisman, 306 F.3d 1, 14 (1st Cir. 2002)). Although LaFlam characterizes these questions as issues of first impression, as set forth in the analysis below, Rhode Island law is clear on both issues.[4]

II. Legal Standard

"A motion for judgment on the pleadings is appropriate when it is clear from the pleadings that the movant should prevail." Burns v. Conley, 526 F. Supp. 2d 235, 241 (D.R.I. 2007). The Court considers a motion for judgment on the pleadings under

---

[4] The analysis below centers on the first question. Sufficient authority, however, also exists for this Court to conclude that the limitations period for a UM claim, whether by statute or contractual provision, begins to run at the date of the accident. See Metro. Prop. and Cas. Ins. Co. v. Barry, 892 A.2d 915, 924-25 (R.I. 2006) (for UM claims, "the date the cause of action accrues . . . is the date of injury").

4

Rule 12(c) according to the same standard by which it decides a Rule 12(b)(6) motion.  See id.  The Court may base its decision on "documents the authenticity of which are not disputed by the parties; documents central to plaintiff['s] claim; and documents sufficiently referred to in the complaint."  Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quotation marks, citation, and internal alternations omitted).

Just as the Court ordinarily considers cross-motions for summary judgment separately, the Court normally considers cross-motions for judgment on the pleadings in turn.  See Tyrrell v. Toumpas, Civil No. 09-cv-243-JD, 2010 WL 2246280, at *1 (D.N.H. Jun. 2, 2010).  Here, however, "the parties do not dispute the factual basis of the claims and instead present only a legal issue for determination . . . . As such, the motions present the legal issue as a 'case stated,' which does not require separate consideration."  See id.[5]  The Court will therefore consider together the parties' arguments on whether the contractual limitations provision in the Policy is enforceable.

---

[5] Although comparing LaFlam's counterclaim for declaratory judgment with ASIC's answer to her counterclaim appears to reveal a potential factual dispute, the parties' memoranda in support of their cross-motions for judgment on the pleadings focus exclusively on legal arguments; none of the disputed facts is material.  The Court therefore analyzes the parties' arguments in the context of the single legal issue before it.

5

III. Analysis

ASIC's complaint requests a declaratory judgment stating that because LaFlam failed to file a legal action against it within three years of her accident, she is barred under the Policy's contractual limitations provision from asserting any claims against it.[6] LaFlam argues that the contractual limitations period in the Policy is void both as a matter of law and as against public policy. Because this dispute is a matter of contract interpretation, and because the contract was made in Rhode Island, Rhode Island law governs the Court's determination. See Michaud v. Merrimack Mut. Fire Ins. Co., Civ. A. No. 94-0175B, 1994 WL 774683, at *9 (D.R.I. Nov. 16, 1994).

The Rhode Island Supreme Court has recognized that a "limitations period in an insurance policy is a term to which the parties are specifically bound." Progressive N. Ins. Co. v. Lyden, 986 A.2d 231, 235 (R.I. 2010) (quoting Nat'l

---

[6] That provision states:

> Any legal action against us under this Coverage Form must be brought within three years after the date of the 'accident'. However, this Paragraph . . . does not apply to an 'insured', if, within three years after the date of 'accident', we or the 'insured' have made a written demand for arbitration in accordance with the provisions of this Coverage Form.

(See Pl.'s Compl. for Declaratory J. ¶ 7.)

Refrigeration, Inc. v. Travelers Indem. Co. of Am., 947 A.2d 906, 910 (R.I. 2008)). The Rhode Island Supreme Court has upheld a contractual limitations period of one year in a fire insurance policy, DiIorio v. Abington Mutual Fire Ins. Co., 402 A.2d 745, 747 (R.I. 1979), and a limitations period of two years in a property insurance policy. Hay v. Pawtucket Mut. Ins. Co., 824 A.2d 458, 461 (R.I. 2003).[7] Therefore, the three-year limitations provision in the instant Policy is clearly not void as a matter of law.

To address LaFlam's claim that the provision is void as against public policy, however, the Court must look to R.I. Gen. Laws § 27-7-2.1, which governs UM coverage. Provisions in contracts for UM coverage "must comport with the public policy mandates" underlying this statute. See Casco Indem. Co. v. R.I. Interlocal Risk Mgmt. Trust, 929 F. Supp. 65, 70 (D.R.I. 1996), rev'd on other grounds, 113 F.3d 2 (1st Cir. 1997) (quoting Carlton v. Worcester Ins. Co., 744 F. Supp. 395, 399 (D.R.I.

---

[7] LaFlam cites two cases in support of her argument that the limitations provision is void. See Messler v. Williamsurg City Fire Ins. Co., 108 A. 832 (R.I. 1920); Kennedy v. Cumberland Eng'g Co., 471 A.2d 195 (R.I. 1984). Both are distinguishable from the instant action because the contractual or statutory limitations periods in those cases operated or could have operated to totally deny access to the courts for adjudication of a claim even before it arose. See id. In this case, however, LaFlam could have sought UM benefits from ASIC shortly after the accident, and certainly could have done so within the three-year limitations period.

1990), aff'd, 923 F.2d 1 (1st Cir. 1991)).  Any provision that restricts the coverage afforded by § 27-7-2.1 is "void as a matter of public policy."  See id. (quoting Rueschemeyer v. Liberty Mut. Ins. Co., 673 A.2d 448, 450 (R.I. 1996)).

The limitations period in the Policy operates not to restrict coverage, but to fix the time within which an insured may bring legal action against the insurer.  The limitations period does not limit the scope of the coverage available under the Policy in any way.  In Rhode Island, the default 10-year statute of limitations set forth in § 9-1-13(a) applies to actions filed for the recovery of UM benefits.  Pickering v. Am. Emp'rs Ins. Co., 282 A.2d 584, 588 (R.I. 1971).  And because the statute governing UM claims is silent on the issue of limitations periods, even in the absence of a contractual limitations provision, the maximum 10-year statute of limitations that applies to all contract actions would bar some UM claims.  See R.I. Gen Laws § 9-1-13(a).

In essence, LaFlam asks this Court to hold that contractual limitations provisions in contracts for UM coverage are void as against public policy, even though neither the Rhode Island General Assembly nor the Rhode Island Supreme Court have ever endorsed this position.  Moreover, the Rhode Island Supreme Court has had the opportunity to declare contractual limitations

provisions in UM policies void as against public policy, but has declined to do so. See Progressive N. Ins., 986 A.2d at 235. Similarly, although the Rhode Island General Assembly has expressly restricted contractual limitations provisions in other contexts,[8] it has included no such restriction in the UM statute. Because both the Rhode Island Supreme Court and the Rhode Island General Assembly have declined to carve out an exception to the general rule that parties are bound to limitations provisions, this Court has no basis on which to hold that limitations provisions in contracts for UM coverage are void as against public policy.

LaFlam also argues that the language in the Policy is ambiguous and must be interpreted in her favor. "An ambiguity occurs only when the contract term is reasonably and clearly susceptible of more than one interpretation." Rosciti v. Liberty Mut. Ins. Co., 734 F. Supp. 2d 248, 251 (D.R.I. 2010) (quoting Merrimack Mut. Fire Ins. Co. v. Dufault, 958 A.2d 620,

---

[8] See, e.g., R.I. Gen. Laws § 6A-2-725 (limitations periods for actions for breach of contracts for sale must be no less than one year and no more than four years); R.I. Gen. Laws § 6A-2.1-506 (limitations periods for actions for default under lease contracts must be no less than one year and no more than four years); R.I. Gen. Laws § 34-36.1-4.16 (in condominium purchase context, limitations periods for actions for breach of express and implied warranties of quality must be no less than two years and no more than six years).

625 (R.I. 2008)). The only reasonable meaning of the limitations provision here is that an insured must bring legal action against ASIC within three years. Because the language of the limitations provision is clear on its face, this argument must fail.[9]

IV. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion for judgment on the pleadings, and DENIES Defendant's motion for judgment on the pleadings and motion for certification of a question to the Rhode Island Supreme Court. It is therefore unnecessary to consider Plaintiff's motion to sever and stay Defendant's bad faith counterclaim.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: April 22, 2011

---

[9] LaFlam raised a number of affirmative defenses in her answer (laches, waiver, failure to join a necessary party, and others) that were not developed in her motion papers. Issues are considered waived if they are not accompanied by some attempt at developed argumentation, see Chopmist Hill Fire Dep't v. Town of Scituate, C.A. No. 09-531-ML, 2011 WL 198432, at *7 (D.R.I. Jan. 18, 2011) (citing United States v. Zannino, 895 F.2d 1 (1st Cir. 1990)); accordingly, this Court has considered only those issues addressed in LaFlam's motion papers.